In re Miles A. COOK and Nancy A. Cook, Debtors.

UNITED FEDERAL SAVINGS AND LOAN ASSOCIATION OF ILLINOIS, a corporation, Plaintiff,

v.

Miles A. COOK and Nancy A. Cook, Defendants.

Bankruptcy No. 87–80055.
Adv. No. 87–8034.

United States Bankruptcy Court, C.D. Illinois.

Aug. 4, 1987.

Steven E. Davis, Galesburg, Ill., for plaintiff.

James S. Brannon, Peoria, Ill., for debtors/defendants.

### OPINION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The Plaintiff made a loan to the Debtors, and to evidence the loan, the Debtors signed and delivered to the Plaintiff a Note and Security Agreement (NOTE). At the top of the NOTE after setting forth the amount due, the number and amount of monthly payments, and other routine terms, the NOTE provided, in part, as follows:

"Description when Collateral is ☒ Motor Vehicle . . .

| New or Used | Year and Make | Series | Body Style | No. Cyl. | If Truck Ton Capacity | Manufacturer's Serial Number | Use for which purch. |
|---|---|---|---|---|---|---|---|
| used | 1981 Olds | Cutlass | 4 dr. | | | 1G3AR69F1BM411763 | ☒ personal" |

Immediately under that provision on the right side of the NOTE there is a separate section entitled by bold print **"STATEMENT OF TRANSACTION"**. This portion of the NOTE contains spaces which when properly completed are intended to make the required Truth-in-Lending disclosures. Towards the bottom of the "Statement of Transaction" section there is a portion which reads as follows:

"Security: You are giving a security interest in:
☐ the goods or property being purchased.
☒ any of your funds held by United Federal.
☐ Other _____ "

Outside the "Statement of Transaction" section and towards the bottom of the NOTE, Paragraph 2 provides:

"Debtor agrees that the Association shall have, and there is hereby created in favor of the Association, a security interest

in the Collateral described or mentioned in the above Schedule of Collateral ..."

[1, 2] The Debtors filed a Chapter 7 proceeding and the Plaintiff filed a petition seeking to have the automatic stay lifted to allow it to reclaim its collateral. In response to that petition, the Debtors counterclaimed contending they were not given the required Truth-in-Lending disclosures under Section 226.18(m) of the Truth-in-Lending disclosures under Section 226.-18(m) of the Truth-in-Lending Regulations, Regulation Z, (12 CFR Section 226.18(m))[1] in the manner required by Section 226.17(a) (12 CFR Section 226.17(a)). Their specific charge is the section of the NOTE entitled "Statement of Transaction" does not disclose a security interest in the 1981 Olds. The Plaintiff responds to the charge by contending the disclosure was made at the top and bottom portions of the NOTE, even though the disclosure was not made in the "Statement of Transaction" section. The Plaintiff goes on to request sanctions alleging the counterclaim was not well founded in fact or warranted by existing law. While the litigation was pending, the vehicle was returned to the Plaintiff. So the only issues to be decided by this Court is whether the Plaintiff violated Truth-in-Lending and whether to impose sanctions on the Debtors.

Section 226.17(a) sets forth the general disclosure requirements for closed-end credit, and provides in part as follows:

"The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required under Section 226.18...." (footnotes omitted.)

This section contains two requirements. First, the disclosures must be made clearly and conspicuously, and second the disclosures must be grouped together, be segregated from everything else and not contain any information not directly related to the required disclosures. Although the "Statement of Transaction" section of the NOTE is designed to comply with Section 226.-17(a), because of the manner in which the blank spaces were completed, neither requirement is met.

The references at the top and bottom of the NOTE to the effect that the 1981 Olds was being given as collateral are not clear and conspicuous disclosures. The reference at the top of the NOTE merely provides a space for describing a vehicle as collateral, but there is no granting clause indicating the Debtors are giving a security interest in the Olds. Paragraph 2 at the bottom of the NOTE contains such a granting clause, which refers back to the top of the NOTE for a specific description of the collateral. Both provisions of the NOTE are in the smallest type size found on the NOTE and there is nothing to call these particular provisions to the Debtors' attention. The section entitled "Statement of Transaction" and other parts of the NOTE are printed in bolder or larger type. A reader's attention is drawn to those sections printed in bolder or larger type rather than to the provisions referring to the 1981 Olds as collateral found at the top and bottom of the NOTE. A disclosure is not clear and conspicuous when a reader must look for the disclosure in two separate portions of the note which are printed in the smallest type size found on the note while his attention is being diverted to another portion of the NOTE printed in bolder or larger type.

Nor can it be said that the required disclosures under Section 226.18(m) are grouped together and segregated. The location of this grouping of disclosures is commonly referred to as the "Federal Box".

The section of the NOTE entitled "Statement of Transaction" when properly completed, is intended to contain the disclosures normally found in the "Federal Box". This section was not properly completed

---

**1.** Truth-in-Lending Regulations, Regulation Z, can be found at 15 U.S.C.A., following Section 1700.

**664**

and the disclosure which the Plaintiff is relying on is located in two separate sections of the NOTE which are outside the "Federal Box" and intermingled with provisions not directly related to the required disclosures. Attorneys or lenders may glean from the NOTE the Plaintiff had a security interest in the 1981 Olds, but a borrower would not necessarily recognize such fact, and Truth-in-Lending disclosures being for the benefit of the borrower should be construed through his eyes and not those of the lender. *See In re Underwood*, 66 B.R. 656 (Bkrtcy.W.D.Va.1986).

Both Plaintiff and the Debtors were given an opportunity to file briefs on the issue. Neither side has submitted any authority which is directly applicable to Truth-in-Lending as amended by the Truth-in-Lending Simplification and Reform Act of 1980. The authority submitted by the Plaintiff all involve cases arising under Truth-in-Lending prior to the 1980 amendments. After Truth-in-Lending was first enacted, concern was expressed that creditors were encountering difficulty in keeping current with administrative interpretations, amendments, and highly technical judicial decisions, while borrowers were receiving disclosure statements which were too lengthy and difficult to understand. In response, Congress enacted the Truth-in-Lending Simplification and Reform Act of 1980, the purpose of which was to simplify the disclosures and to segregate them in a single location away from contract terms where the borrower could concentrate on them to analyze the transaction. S.Rep. No. 96–368, 96th Cong., 2d Sess. 16, reprinted in 1980 U.S.Code Cong. & Admin. News, 236, 251–54. If the Plaintiff's position were to be accepted, the goals of the Truth-in-Lending Simplification and Reform Act of 1980 would be defeated, as debtors could not look to a single location, i.e. the "Federal Box" for a simplified disclosure of the transaction.

THE COURT, THEREFORE, FINDS that the disclosures required by Section 226.18(m) were not made in the manner required by Section 226.17(a), and that the Plaintiff is not entitled to sanctions.

IT IS, THEREFORE, ORDERED:

1. That judgment is entered in favor of the Defendants and against the Plaintiff in the amount of $1,000.00, plus costs and reasonable attorney's fees to be determined by this Court.

2. That the Plaintiff's request for sanctions is denied.

This Opinion and Order is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.